IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| *In re Cloudflare, Inc.*<br><br>**PCR Distributing Co.,** | MISC. A. NO. 5:22-mc-51851-MFL-APP |

**OPERATORS OF NHENTAI.NET'S MOTION TO INTERVENE, TO QUASH §512(h) SUBPOENA, FOR PROTECTIVE ORDER, AND EMERGENCY MOTION TO STAY DEADLINE AND BRIEF IN SUPPORT**

## I.   INTRODUCTION

The operators of the nhentai.net website ("nhentai.net") whose information is the subject of Movant PCR Distributing Co.'s ("Movant" or "PCR") subpoena to Cloudflare, Inc. ("Cloudflare") pursuant to 17 U.S.C. §512 hereby file this Motion to Intervene, to Quash §512(h) Subpoena, for Protective Order, and Emergency Motion to Stay Deadline and brief in support. Nhentai.net seeks to intervene for the purposes of moving to quash and for protection from a subpoena issued by Movant. Nhentai.net must be permitted to intervene in this process to protect its rights, as no existing party will do so.

The subpoena and accompanying materials are not properly brought by Movant for numerous reasons and should be quashed based on statutory and procedural grounds. First, Chapter 17 of the United States Code relates to *United States* copyrights and 17 U.S.C. §512(h), in particular, applies to and is entitled "Subpoena to Identify Infringer." Absent a U.S. copyright, a subpoena under §512(h) is improper. Movant has not established any exclusive U.S. copyright rights that would be the basis of a validly sought subpoena. Second, even if the subpoena was

related to any legitimate U.S. copyrights, the subpoena for nhentai.net's information is directed to Cloudflare, Inc. ("Cloudflare"). Cloudflare is not a "service provider" on whom a §512(h) subpoena can be served. As described further herein, because Cloudflare is not a hosting company and has no ability to store or remove content from nhentai.net's website, they do not qualify under the law as a proper party on whom a §512(h) subpoena can be issued or served. Third, there are no alleged ties of any party involved to the Eastern District of Michigan such that issuance of a §512(h) subpoena from this Court is proper from a jurisdictional and venue standpoint. Movant is a California company called PCR Distributing, Co.

Even if the subpoena was proper, Movant's request is extremely overly broad and seeks, for example, billing information for the operators of nhentai.net. This highly sensitive, private information must not be disclosed to entities such as Movant (a California entity with no valid, identified U.S. copyrights) or their counsel. Lastly, nhentai.net asks the Court to enter an emergency order staying the deadline for compliance with the Subpoena pending resolution of nhentai.net's motion.

For the reasons described herein, nhentai.net respectfully asks the Court to permit it to intervene and further asks the Court to quash the subpoena from PCR to Cloudflare impermissibly seeking nhentai.net's information and/or protect nhentai.net from disclosure pursuant to the subpoena as well as staying the pending deadline in the Subpoena on an emergency basis until these motions have been decided.

## II.     FACTUAL BACKGROUND

Movant PCR Distributing, Co. requested a subpoena pursuant to 17 U.S.C. §512(h) from the United States District Court for the Eastern District of Michigan, which issued on December 15, 2022 from the Clerk of said Court ("Subpoena"). The Subpoena requested "Identifying

information, including name, e-mail address, physical address, billing information and any other relevant contact information for the alleged infringer(s) who control the sites at" three internet domains, including nhentai.net. Nhentai.net has no information on whether the Subpoena and accompanying materials were properly served on the designated agent of Cloudflare pursuant to 17 U.S.C. §512(c)(3)(A) and, as demonstrated below, nhentai.net disputes that Cloudflare is even a "service provider" subject to a subpoena under this statute.

### III.     ARGUMENTS AND AUTHORITIES

*1.     Motion to Intervene*

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, nhentai.net moves to intervene in the above-captioned matter. "[T]o intervene as of right under Rule 24(a)(2), a proposed intervenor must establish the following four elements: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." *Coal. to Defend Affirmative Action, Integration & Immigration Rights & Fight for Equal. by any Means Necessary v. Granholm*, 240 F.R.D. 368, 374 (E.D. Mich. 2006), *aff'd sub nom. Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775 (6th Cir. 2007) (internal citation omitted). "Failure to meet [any] one of the [four] criteria will require that the motion to intervene be denied." *Id*. (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989)).

Here, these four factors are clearly met. This motion to intervene is timely, as it is being filed well in advance of the January 25, 2023 response date set forth in the Subpoena. The operators of nhentai.net have a substantial legal interest in the subject matter of this action and nhentai.net's interests may clearly be impaired if it is not permitted to intervene. The Subpoena seeks the private

information of the operators of nhentai.net. There are additional significant procedural and substantive issues with Movant's §512(h) Subpoena that significantly impact nhentai.net's rights as described herein and show Movant's Subpoena to be wholly improper. And Cloudflare – the party to whom the Subpoena is directed – is a large, international entity that is not going to represent or in any way seek to protect the rights of nhentai.net in this Court as to the Subpoena. Cloudflare is aware of nhentai.net's intention to intervene to prevent release of the information. *See* Declaration of John T. Wilson ("Wilson Decl.") at ¶ 3. Accordingly, the operators of nhentai.net move to intervene in order to ask the Court to quash and protect nhentai.net from Movant's §512(h) Subpoena.

### 2. *Movant Identifies No United States Copyrights and Should be Quashed.*

The procedural mechanism by which Movant requested the Subpoena at issue is found in the Digital Millennium Copyright Act ("DMCA")—17 U.S.C. section 512(h). This section of the DMCA specifically relates to and is entitled "Subpoena To Identify Infringer." The purpose of §512(h) is precisely that—to provide a mechanism for "[a] copyright owner or a person authorized to act on the [copyright] owner's behalf … to issue a subpoena to a service provider for identification of an alleged infringer…" 17 U.S.C. §512(h)(1). Courts have found that "[u]nder § 512, one must assert ownership of an exclusive copyright, § 512(c)(3)(A)(i), and a good faith belief that the use of copyrighted material is not authorized, § 512(c)(3)(A)(v). In other words, the subpoena notification must establish ownership and unauthorized use—a prima facie case of copyright infringement." *In re Verizon Internet Servs, Inc.*, 257 F. Supp. 2d 244, 263 (D.D.C. 2003), *rev'd sub nom. Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

Clearly, this statute requires that the movant be an owner of a U.S. copyright or someone

acting on behalf of the owner of a U.S. copyright. Movant has identified no U.S. copyrights, and none were included in its notification of infringement accompanying the subpoena. *See* ECF No. 1. Counsel for Movant stated in his declaration accompanying the Subpoena that: "[t]he purpose of the accompanying subpoena is to obtain the identity of the alleged copyright infringer(s) in control of the internet domain(s)/website(s) listed on in [sic] the subpoena. The information obtained will be used only for the purpose of protecting the rights granted to my client under Title 17 of the United States Code." *See* ECF No. 1-2. The Electronic Notice of Copyright Infringement filed by Movant further states that Movant's "exclusive copyrights are being infringed" and that "[t]he information in this notice is accurate." *See* ECF No. 1-1. But no U.S. copyrights were actually cited in the Electronic Notice of Copyright Infringement. And the only copyright registration that appears on the U.S. Copyright Office's website search engine for Movant PCR Distributing, Co. is a one-page filing that Movant in no way indicates is at issue in its Subpoena. *See* Wilson Decl. at ¶ 4 and **Exhibit A**, showing search performed on January 5, 2023 through the United States Copyright Office search engine for PCR Distributing, Co.

Movant has not met and cannot meet either the letter or the spirit of the law. This is a clear instance of misuse of the §512(h) subpoena procedure under the DMCA and the Subpoena must be quashed.

    3.    *Cloudflare is Not a Proper Party for a 17 U.S.C. §512(h) Subpoena and it Should Be Quashed.*

In addition to lacking the requisite U.S. copyrights, the DMCA has safe harbor provisions that protect certain internet service providers ("ISP") from §512(h) subpoenas. Cloudflare, to whom the Subpoena was issued, is one such ISP that is not subject to §512(h) subpoenas. If an ISP acts strictly as a conduit to internet content, they are afforded protection from §512(h) subpoenas. Courts analyzing the issue in very detailed fashion have quashed §512(h) subpoenas where they

were served on a party that was not "engaged in storing on its servers material that is infringing or is the subject of infringing activity." *RIAA v. Verizon Internet Servs*, 351 F.3d 1229, 1233 (D.C. Cir. 2003). The D.C. Circuit further held that "§512(h) ***does not*** authorize the issuance of a subpoena to an ISP acting as a mere conduit for the transmission of information sent by others." *Id.* at 1233-38, passim.

Cloudflare is a §512(a) ISP that acts only as a conduit with respect to nhentai.net, and accordingly, it is not properly subject to subpoena under §512(h). Specifically, images from nhentai.net never pass through or are stored on Cloudflare servers in any form. Nhentai.net simply utilizes Cloudflare's Domain Name System ("DNS") services as shown by the attached screenshot of nhentai.net's DNS management page on Cloudflare. *See* Wilson Decl. at ¶ 5 and **Exhibit B.** Cloudflare describes its DNS services as "the phone book of the Internet." *See* Wilson Decl. at ¶ 6. By way of example, when a user's web browser tries to connect to "i.nhentai.net," it must first determine the IP address of this domain name. Cloudflare stores this IP address and will send it in reply. It is an IP address security function. There is no storage of the material on the nhentai.net website and Cloudflare does not do any hosting for nhentai.net.

The Subpoena should be quashed and the operators of nhentai.net be protected from improper use of this statutory procedure by a movant who has not demonstrated itself in any way to be a holder of the rights to which this statute specifically relates.

    **4.    *The DMCA Procedure under §512(h) Does Not Provide for Jurisdiction and Venue in Any District.***

There are also significant jurisdictional and venue issues with Movant's §512(h) Subpoena from this district. While use of the DMCA's §512(h) procedure has been widespread, interpretation of it has not. The District Court in the Middle District of North Carolina is one of few courts in the country that has undertaken a detailed analysis of the use and misuse of the §512(h) subpoena

procedure. The findings of that Court are germane and instructive here. That Court refused to find §512(h) was a nationwide venue and jurisdiction statute stating that §512 "does not say that every district court has jurisdiction to issue a subpoena compelling action *from persons outside of the district.* … Because of the potential for misuse, it is unlikely Congress would have granted such sweeping jurisdiction without discussion." *In re Subpoena To Univ. of N. Carolina at Chapel Hill,* 367 F. Supp. 2d 945, 957 (M.D.N.C. 2005) (emphasis added).

That is precisely the case here. There are no alleged ties of any party involved to the Eastern District of Michigan such that issuance of a §512(h) subpoena from this Court is proper from a jurisdictional and venue standpoint. Movant is a California company called PCR Distributing, Co. As shown by publicly available information, Cloudflare's headquarters are in San Francisco, California and it has no office in this judicial district. *See* Wilson Decl. at ¶ 7. And there is no indication in Movant's filings that the subjects of the Subpoena, such as nhentai.net, have any presence in this district that would justify jurisdiction and venue. There is literally no alleged nexus to the Eastern District of Michigan and the Court should find the §512(h) Subpoena to Cloudflare improper on that basis.

Other courts have found the 100-mile rule found in Federal Rule of Civil Procedure 45 to be applicable and that subpoenas issued even under §512(h) were subject to that geographic restriction. *See In re DMCA Section 512(h) Subpoena to Facebook, Inc.*, CV 4:15-MC-0654, 2015 WL 12805630, at *8 (S.D. Tex. Nov. 18, 2015) (finding that the 100-mile rule in Rule 45 applied to §512(h) subpoenas). As mentioned above, Cloudflare is not remotely within the subpoena range under Rule 45. This is yet another basis on which Movant's Subpoena should be quashed.

### 5. First Amendment Considerations Weigh in Favor of Quashing the Subpoena.

The information sought by Movant's §512(h) Subpoena violates the right of the operators

of nhentai.net to communicate anonymously. The protection afforded by the First Amendment right may be minimal "where alleged copyright infringement is the expression at issue." *Verizon*, 257 F. Supp. 2d at 260. As previously stated, there is no requisite allegation of copyright infringement made in conjunction with Movant's §512(h) Subpoena and, indeed, not even any U.S. copyrights asserted. As such, the bar to overcome nhentai.net's First Amendment right to communicate anonymously is not reduced by Movant's claims and remains a heightened standard.

### 6. *The Subpoena is Overly Broad and Seeks Sensitive Information.*

Even if the §512(h) Subpoena was proper, the information Movant seeks in no way relates to the purpose of the statutory procedure, to identify an accused infringer. It seeks, for example, billing information for the operators of nhentai.net. There is no legitimate basis on which to request such sensitive information. Nhentai.net seeks protection from the Court in this regard, should the Court not find the entire Subpoena to be invalid.

### 7. *Nhentai.net Seeks its Attorneys' Fees for Opposing the Improper Subpoena.*

Section 512(f) of the DMCA provides for an award of costs and attorneys' fees against "[a]ny person who knowingly materially misrepresents under this section … that material or activity is infringing." There are literally no identifiable U.S. copyrights that form the basis of any allegation or notice of infringement as required by the statute. Given the lack of any specific allegations or evidence to support Movant's claims and the procedural improprieties with the Subpoena, an award to nhentai.net of attorneys' fees would discourage the misuse of the §512(h) statutory procedure in the future.

The Ninth Circuit aptly stated with regard to subpoenas generally that "[t]he subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074–75

(9th Cir. 2004). This is especially true with regard to the §512(h) procedure, which is effectively *ex parte*. The Court went on to state that there should be an "exercise of independent judgment about the subpoena's reasonableness" and that "[f]ighting a subpoena in court is not cheap." *Id.*

## IV.     CONCLUSION AND PRAYER

Based on the foregoing, the operators of nhentai.net respectfully pray that the Court permit them to intervene, quash the Subpoena, and protect the operators of nhentai.net from the disclosure sought by Movant's improper Subpoena. Nhentai.net further respectfully asks the Court to award its attorneys' fees incurred in opposing the Subpoena. Nhentai.net also asks the Court to enter an emergency order staying the deadline for compliance in the Subpoena pending resolution of the instant motion practice.

DATED:  January 12, 2023          Respectfully submitted,

By: */s/ John T. Wilson*
    John T. Wilson
    State Bar No. 24008284
    *Admitted to E.D. Mi.
    Jennifer M. Rynell
    State Bar No. 24033025
    *Admitted to E.D. Mi.
    **WILSON WHITAKER RYNELL**
    Wilson Legal Group P.C**.**
    16610 Dallas Parkway, Suite 1000
    Dallas, Texas 75248
    (T) 972.248.8080
    (F) 972.248.8088
    (E) eservice@wwrlegal.com

**ATTORNEYS FOR THE OPERATORS OF NHENTAI.NET**

## CERTIFICATE OF SERVICE

On January 12, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Michigan. I hereby certify that I served the document on all counsel of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ John T. Wilson
John T. Wilson

## CERTIFICATE OF CONFERENCE

I certify that, on December 23, 2022, there was a conference on the motions in which counsel for the operators of nhentai.net explained the nature of the motions and the legal bases in a good faith interactive exchange and requested, but did not obtain, concurrence by counsel for PCR Distributing, Co. in the relief sought. Counsel for PCR Distributing, Co. indicated it is opposed to the motions.

/s/ Jennifer M. Rynell
Jennifer M. Rynell